LOTTO U.S.A., INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 85–9–01252

(Dated March 1, 1988)

*Stedina and Deem (Charles P. Deem)* for plaintiff.

*James M. Spears,* Acting Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, *(Michael T. Ambrosino),* Civil Division, United States Department of Justice, for defendant.

## OPINION

RESTANI, *Judge:* This matter is before the court on stipulated facts in lieu of trial. The court concludes that the parties wish the court to draw any necessary factual inferences from the stipulated facts and the three exhibits which are part of the stipulated record. One of the exhibits is a sample of the merchandise at issue, one right shoe labeled "Lotto International."

The issue before the court is whether a band of rubber, or rubberlike substance, which overlaps and joins the sole and upper together through vulcanization constitutes part of the upper where it overlaps and is bonded to the same. It it does, the shoe will be subject of

188

American Selling Price (ASP) appraisement.[1] If not, it will be classified and appraised otherwise, at a lesser duty.

The merchandise at issue was imported in 1981. The parties are in agreement that this shoe will escape ASP appraisement pursuant to Item 700.60, Tariff Schedules of the United States (TSUS) (1980) only if the exterior surface of the upper is composed of over fifty percent leather. Apparently, various measurements reveal that if the portion of the band (foxing) covering the shoe above the point at which the upper is turned under to join the sole[2] is considered to be the exterior surface of the upper, the government's ASP appraisement will prevail.

Plaintiff's basic argument is that foxing is a specially recognized third primary shoe component and is not part of the upper or the sole. This is supported by citation to Item 700.53, TSUS (1980) which specifically calls for an exception to classification under that provision where the upper is overlapped by foxing.[3] If this reference to a third component helps plaintiff, it also hurts its cause, as no reference to foxing as a determinant for classification is found in Item 700.60. Merely because something can be described as overlapping something else, does not prevent it from becoming the exterior surface of the component overlapped.

The court has examined the shoe. At the front of the shoe, the foxing looks very much like part of the upper. At the rear, it looks like part of the sole. In all probability the design is to enhance the appearance of a very sturdy, well cushioned heel and a durable toe piece. Examination of the interior of the shoe reveals, however, that the foxing does overlap both the upper and sole and forms part of the exterior surface of both. When attempting to classify such a shoe a reasonable and easily understood rule applying the statute seems the best approach. Making measurements based on the actual point where the upper joins the sole is one sensible approach.

With regard to application to this shoe, the language of the TSUS provision does not provide a clear answer as to classification. Plaintiff's interpretation of the TSUS provision has nothing to recommend it over the approach taken by the government; in such a situation the government's interpretation must prevail.

[1]See, Samuel Brilliant v. United States, 9 CIT 180 (1985) for an explanation of the history of this type of appraisement.

[2]In this case the measurement is actually made from the bottom of the insole.

[3]The parties are in agreement that the exception is intended to exclude "sneaker-like" shoes from classification under Item 700.53.